# L. JONES et al. v. STATE.

No. A-1888.   Opinion Filed January 17, 1914.

(137 Pac. 740.)

**APPEAL—Verdict—Evidence.**  Where there is a direct contradiction between the testimony of the prosecuting witness and that of the defendant, it is for the jury to determine which is worthy of belief, and their determination ordinarily will be sustained.

*Appeal from County Court, Tulsa County;*
*N. J. Gubser, Judge.*

L. Jones and another were convicted of violating the prohibition law, and appeal.   Affirmed.

*George T. Brown* and *Luther James,* for plaintiffs in error.

*Chas. West,* Atty. Gen., and *C. J. Davenport,* Asst. Atty. Gen., for the State.

DOYLE, J.   Plaintiffs in error were tried and convicted upon an information which charged that on the 22d day of December, 1911, Roy Mitchell and L. Jones did unlawfully sell one-half pint of whisky to one I. F. Harmon.   In accordance with the verdict of the jury on November 25, 1912, they were sentenced each to pay a fine of $50 and to be confined in the county jail for 30 days.

The evidence on the part of the state shows that I. F. Harmon, on the date alleged in the information, went into the Owl Drug Store in the city of Tulsa, and went into the back part of the drug store behind some curtains.   The defendant Roy Mitchell, a colored boy, was there, and Harmon asked him if he had any whisky.   The negro boy poured out a drink, which Harmon drank.   He then told the negro boy he wanted to purchase one-half pint, and the negro boy gave him one-half pint of whisky, telling him to pay at the front.   Harmon went to the front of the store, and paid the defendant L. Jones 75 cents for the half pint.   The negro boy, as Harmon went to the

front, told Jones to collect the money for the whisky, and Jones did so. Other evidence on behalf of the state was to the effect that L. Jones and Roy Mitchell, defendants, were at this drug store and were arrested there that day.

L. Jones, as a witness in his behalf, stated that he was a registered pharmacist, that he worked at the Owl Drug Store, but denied that he sold or received any money for whisky from the witness Harmon, and stated he did not know that any whisky was being sold in the drug store, and that he was not in the drug store at the time stated by Harmon. Abe Baker testified that L. Jones was not at the drug store at the time the witness Harmon claimed to have bought the whisky there.

Complaint is made that the jury in said case was improperly impaneled, to the prejudice of the defendants, because of certain questions asked a juror on his *voir dire* by the court and his answers thereto, for which he was excused. The defendants did not object or except to the examination at the time, therefore there is nothing before this court for review. However, we will say that the complaint is without merit.

It is also contended that the evidence is insufficient to sustain the verdict. The jury had the witnesses before them, and could see their manner of testifying, and they no doubt, in determining the truth, took into consideration all the attending circumstances of the case. Where there is a direct contradiction between the testimony of the prosecuting witnesses and that of the defendant, it is for the jury to determine which is worthy of belief. There appears in the record no error prejudicial to the substantial rights of the defendants.

The judgment of conviction is therefore affirmed.

ARMSTRONG, P. J., and FURMAN, J., concur.